**EXHIBIT "A"**

From:CITY OF MIDWAY                912 884 5107        07/28/2015 17:24      #190 P.003/012

SUMMONS                           SC-1                              CLYBURN & 4000 - TIFTON, GA

## IN THE SUPERIOR/STATE COURT OF __Liberty__ COUNTY
### STATE OF GEORGIA

Jimmie T. Jones

CIVIL ACTION
NUMBER    2015 SV 71

PLAINTIFF

vs.

City of Midway, Georgia; Kelli
Morningstar; and Officer
F.N.U. Ainsworth

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: City of Midway, Georgia

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Karl C. Zipperer
P.O. Box 9147
Savannah, GA 31412

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 24 day of July , 19 2015

Clerk of Superior/State Court

BY Joann Downs

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

From:CITY OF MIDWAY          912 884 5107          07/28/2015 17:25     #190 P.004/012

## IN THE STATE COURT OF LIBERTY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| JIMMIE T. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _2015 SV71_ |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MIDWAY, GEORGIA; KELLI | ) | |
| MORNINGSTAR, in her official capacity | ) | |
| as Police Chief for the City of Midway; and | ) | |
| OFFICER F.N.U. AINSWORTH, in his | ) | |
| individual and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Jimmie T. Jones, Plaintiff in the above-styled action, and files this his

Complaint for damages against the above-named Defendants, showing the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Jimmie T. Jones is a citizen and resident of Liberty County, Georgia.

2.   The incidents which form the basis of the Plaintiffs' Complaint occurred within the

     confines of Liberty County, Georgia.

3.   The City of Midway, Georgia is a body corporate, capable of suing or being sued, and

     may be served with process pursuant to O.C.G.A. § 9-11-4 (e) (5) at 9397 E Oglethorpe

     Highway, Midway, Georgia 31320.

4.   Plaintiffs have provided this Defendant with ante litem notice of the claims asserted

     herein pursuant to O.C.G.A. § 36-33-5. (See Exhibit "A", attached hereto).

5.   Defendant Kelli Morningstar has been the Police Chief of the City of Midway, Georgia,

     at all times relevant, and upon information and belief is a citizen of Liberty County,

Georgia, and may be served with process at 10490 E. Oglethope Highway, Midway, Georgia 31320.

6.    Defendant Officer Ainsworth (first name unknown) is an officer with City of Midway Police Department, and upon information and belief is a citizen of Liberty County, Georgia, and may be served with process at 10490 E. Oglethope Highway, Midway, Georgia 31320.

7.    Jurisdiction and venue are proper in this honorable Court.

## II. FACTUAL ALLEGATIONS

8.    On or about July 27, 2013, Plaintiff Jimmie T. Jones was operating his motor vehicle in a safe, prudent and lawful manner within the area of the City of Midway, Liberty County, Georgia.

9.    While traveling on Martin Road near its intersection with J and K Drive at approximately 11:22 a.m., Mr. Jones was directed to pull his vehicle over by Officer Ainsworth of the Midway Police Department. Mr. Jones promptly and without delay complied by pulling his vehicle to the side of the road.

10.   After stopping on the roadside as directed, Mr. Jones was ordered by Officer Ainsworth to step out of his vehicle. Mr. Jones again immediately complied with the officer's instructions.

11.   When Mr. Jones exited his vehicle, Officer Ainsworth began to aggressively question him regarding his driving and his destination. At this time, Mr. Jones had committed no crime within the presence of Officer Ainsworth, and Officer Ainsworth had no reasonable basis whatsoever to detain Mr. Jones for any amount of time.

-2-

12.   At the time of this encounter, Mr. Jones was 77 years old.  Moreover, Mr. Jones' right

arm was in a cast at the time of this encounter due to a prior injury.

13.   Despite the fact that his interrogation produced no evidence of any illegal activity, Officer

Ainsworth forcibly shoved Mr. Jones against his vehicle, pulled his left arm far behind

his back, and placed him in handcuffs.  Mr. Jones was then forced into the rear seat of the

patrol car, where he was left to wait while the officer remained outside.

14.   As this incident took place around mid-day in the heat of summer, Mr. Jones asked

Officer Ainsworth to turn on the air conditioning in the patrol car, or at least open the

windows, while he was forced to wait in the back seat.  Officer Ainsworth never turned

on the air conditioning or opened the windows, and Mr. Jones was left to wait for over an

hour in the dangerously hot car before finally being transported to the Liberty County Jail

for booking.

15.   Due in part to his inability to use his right arm for support, Mr. Jones suffered a serious

injury to his left shoulder when Officer Ainsworth shoved him against the patrol car and

forced him into the back seat in handcuffs, where he was left to wait with no support or

other assistance for over an hour.

16.   Following this incident, Mr. Jones was issued a citation for exceeding the speed limit and

obstruction of an officer.  The obstruction charge was later dismissed in the Liberty

County State Court.

17.   In light of his age and pre-existing disability, along with the complete lack of any

probable cause to suspect Mr. Jones of any criminal activity, Officer Ainsworth's actions

in shoving Mr. Jones against his patrol car and placing him in handcuffs before forcing

-3-

him into the rear seat and leaving him to wait for over an hour without air conditioning were completely unreasonable and without justification.

18.   Mr. Jones has suffered bodily injuries, economic losses, and other damages as a result of the acts described herein.

### III. CAUSES OF ACTION

#### *Count I - Wrongful Arrest*

19.   On July 27, 2013, Defendants, acting in their personal and official capacities, arrested Plaintiff under process of law, without probable cause, and with malice.

20.   Defendant City of Midway, Georgia is responsible for providing law enforcement services within its confines.

21.   Defendants, while acting under color of State law, employed customs, policies, and/or procedures which resulted in the wrongful arrest of Plaintiff.

22.   It would have been clear to a reasonable officer confronted with a situation similar to that described herein that it was unlawful to arrest Plaintiff.

23.   The decision to arrest Plaintiff without probable cause deprived Plaintiff of his rights secured under the Fourth Amendment of the United States Constitution.

24.   At the time of his arrest, it was, or should have been, patently obvious that Plaintiff had committed no crime.

25.   As a result of the Defendants' actions, Plaintiff has suffered harm giving rise to a claim under 42 U.S.C. § 1983, O.C.G.A. § 51-7-1, and other applicable state law.

#### *Count II - Use of Excessive Force in Violation of 42 U.S.C. § 1983*

26.   In committing the acts complained of herein, Defendants acted under color of state law to

deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and

Fourteenth Amendments to the Constitution of the United States including, but not

limited to: the right to be free from unreasonable searches and seizures; the right not to be

deprived of liberty without due process of law; and the right to be free from excessive use

of force by persons acting under color of state law.

27.     As a direct and proximate result of the use of excessive force in violation of Plaintiff's

rights by the Defendants, Plaintiff has suffered general and special damages and is

entitled to relief under 42 U.S.C. § 1983.

### Count III - Negligent Hiring, Retention, Training and/or Supervision

28.     Defendant City of Midway, Georgia is responsible for providing law enforcement

services within its confines, and owes a duty to exercise reasonable care in the hiring,

retention, training and supervision of law enforcement officers for the City of Midway

Police Department.

29.     Defendant City of Midway, Georgia knew or, in the exercise of reasonable care, should

have known that Officer Ainsworth had a propensity to use excessive force in law

enforcement situations, was not properly trained to perform law enforcement activities,

and was not properly supervised in performing his job duties on the date in question.

30.     Defendant nonetheless continued to employ this officer and provide him with

opportunities to use excessive force during law enforcement situations.

31.     As a proximate result of the Defendant's negligent hiring, retention, training, and

supervision of this officer, the Plaintiff has suffered harm.

-5-

From:CITY OF MIDWAY          912 884 5107          07/28/2015 17:27     #190 P.009/012

*Count IV - Failure to Implement Appropriate Policies, Customs, and Practices in Violation of Civil Rights Pursuant to 42 U.S.C. § 1983*

32.　Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, implicitly or explicitly adopted and implemented careless and reckless policies, customs, and/or practices that included, *inter alia*, allowing employees of the City of Midway Police Department to confront members of the public without any reasonable training as to the use of force and in such a way as to cause harm to citizens without lawful justification.

33.　Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, implicitly or explicitly adopted and implemented careless and reckless policies, customs, and/or practices that included, *inter alia*, allowing employees of the City of Midway Police Department to confront suspect by use of excessive force without justification.

34.　The failure of Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, to adequately train and supervise Defendant Officer Ainsworth amounts to deliberate indifference to the rights of the Plaintiff under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States.

35.　As a result of this deliberate indifference to the Plaintiff's rights, Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. § 1983.

*Count V - Battery*

36.　During the course of the incident complained of herein, Officer Ainsworth knowingly,

From:CITY OF MIDWAY                912 884 5107              07/28/2015 17:27        #190 P.010/012

wantonly, intentionally, and with gross disregard for the rights of Plaintiff initiated

forceful physical contact with Mr. Jones by shoving him against the patrol car, placing

him in handcuffs, and forcing him into the back seat.

37.   The actions of the officer complained of herein were completely unreasonable and

without justification.

38.   The Plaintiff has suffered physical and mental injuries as a direct and proximate result of

the actions of the Defendants and their agents.

### Count VI - Emotional Distress

39.   The conduct of the Defendants, acting in their personal and official capacities, as

described herein was intentional or reckless; their conduct was extreme and outrageous

and was not justified by any exigent circumstance.

40.   As a result of being forcibly shoved against the patrol car, placed in handcuffs, and forced

into the back of the patrol car in unreasonably hot conditions for over an hour, the

Plaintiff has suffered physical injuries and emotional distress, and Plaintiff's emotional

distress is severe.

41.   The Defendant's conduct as described herein was the proximate cause of the Plaintiff's

emotional distress, for which Defendants are liable.

### Count VII - Respondeat Superior

42.   As a proximate result of the negligent and/or intentional acts of the Defendants involved

in the incident complained of herein, Plaintiff has suffered harm.

43.   Defendant City of Midway, Georgia is responsible for such negligent or intentional acts

of their employees and subordinates committed within the course and scope of their

-7-

employment.

### *Count VIII - Punitive Damages*

44.  As described herein, the conduct of the Defendants and their agents showed willful

misconduct, malice, fraud, wantonness, oppression, or that entire want of care which

would raise the presumption of conscious indifference to consequences.

45.  Plaintiff is therefore entitled to punitive damages in order to punish, penalize, and deter

the conduct of the Defendants.

### *Count IX - Attorney's Fees*

46.  Defendants have acted in bad faith, have been stubbornly litigious, or have caused the

Plaintiff unnecessary trouble and expense.

47.  Plaintiff is therefore entitled to recover attorney's fees pursuant to O.C.G.A. § 13-6-11.

48.  Moreover, Defendants were acting under color of state law at the time they caused injury

and harm to Plaintiff as set forth herein.

49.  Plaintiff is therefore entitled to a reasonable allowance for attorney's fees as part of his

costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff prays:

a.  That summons and process issue and be served upon Defendants;

b.  For a trial by jury;

c.  That Plaintiff be awarded an appropriate sum to compensate him for the damages

and harm caused to him;

d.  That Plaintiff recover attorney's fees from the Defendants;

e.  That Plaintiff be awarded punitive damages in an amount sufficient to punish and

deter Defendant; and

f.    For such other sand further relief as the Court deems just and proper.

This 24th day of July, 2015.

                                   ZIPPERER, LORBERBAUM & BEAUVAIS
                                   Attorneys for the Plaintiff


                                   KARL C. ZIPPERER
                                   Georgia Bar No. 940487


Post Office Box 9147
Savannah, Georgia 31412
(912) 232-3770

-9-

From:CITY OF MIDWAY        912 884 5107        07/28/2015 17:24        #190 P.002/012

Civil Action No. __2015 SV 71__

Date Filed __7/24/15__

| Superior Court | ____ | Magistrate Court | ____ |
| State Court | X | Probate Court | ____ |
| Juvenile Court | ____ | | |

Georgia, __Liberty_____COUNTY

Attorney's Address
Karl C. Zipperer
P.O. Box 9147
Savannah, GA 31412

__Jimmie T. Jones__
Plaintiff

Vs.

Name and Address of Party to Be Served *
City of Midway, Georgia
9397 E. Oglethorpe Hwy
Midway, GA 31320

__City of Midway, Kelli__
__Morningstar, F.N.U. Ainsworth__
Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy of the within action and
summons

✓_____ I have this day served the defendant _City Manager Kelly Crews_ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _X Lynette G. Cook-Osborne._____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

_____ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope property addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the
defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, _____

_994 Thomas  1:25_
DEPUTY

SHERIFF DOCKET _____ PAGE _____

SC-2 Rev. 85

* To be served upon mayor, City manager, or agent authorized by appointment to
receive service of process pursuant to O.C.G.A. § 9-11-4 (e)(5).

EXHIBIT "B"

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

JIMMIE T. JONES,                           )
                                           )        Civil Action No. STSV2015000071
          Plaintiff,                       )
                                           )
v.                                         )
                                           )
CITY OF MIDWAY, GEORGIA; KELLI             )
MORNINGSTAR, in her official capacity      )
as Police Chief for the City of Midway;    )
and OFFICER F. N. U. AINSWORTH,            )
in his individual and official capacities. )
                                           )
          Defendants.                      )

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

TO:   Clerk, State Court of Chatham County

      Plaintiff Jimmie T. Jones c/o
      Karl C. Zipperer, Esq.
      P. O. Box 9147
      Savannah, Georgia  31412

      Please take notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants City of

Midway, Georgia ("the City"), Kelli Morningstar, in her official capacity as Police Chief of the

City of Midway ("Chief Morningstar"), and Officer Matthew Ainsworth, identified in Plaintiff's

Complaint as "Officer F. N. U. Ainsworth," in his individual and official capacities ("Ofc.

Ainsworth"), filed on August 26, 2015 in the United States District Court for the Southern

District of Georgia, Savannah Division, a Notice of Removal, a copy of which is attached hereto.

Pursuant to 28 U.S.C. § 1446(d), the above-styled action is now removed and the State Court of

Liberty County, Georgia is divested of jurisdiction over further proceedings.

1

This _26th_ day of August, 2015.

OLIVER MANER LLP

PATRICK T. O'CONNOR
Georgia Bar No. 548425
ZACHARY S. HOWARD
Georgia Bar No. 523110

218 W. State Street
P. O. Box 10186
Savannah, Georgia  31412
(912) 236-3311
pto@olivermaner.com
zhoward@olivermaner.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JIMMIE T. JONES, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MIDWAY, GEORGIA; KELLI | ) | |
| MORNINGSTAR, in her official capacity | ) | |
| as Police Chief for the City of Midway; | ) | |
| and OFFICER F. N. U. AINSWORTH, | ) | |
| in his individual and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF DEFENDANTS CITY OF MIDWAY, GEORGIA, KELLI MORNINGSTAR AND MATTHEW AINSWORTH

Come now Defendants City of Midway, Georgia (the "City"), Kelli Morningstar, in her official capacity as Police Chief of the City of Midway ("Chief Morningstar"), and Officer Matthew Ainsworth, identified in Plaintiff's Complaint as "Officer F. N. U. Ainsworth," in his individual and official capacities ("Ofc. Ainsworth"), by special appearance and without waiving any defense, including but not limited to the defenses of lack of personal jurisdiction, insufficient process and insufficient services of process, and file this Notice of Removal to the United States District Court for the Southern District of Georgia, Savannah Division.   In support of this Notice of Removal, Defendants allege as follows:

1.      On or about July 24, 2015, Plaintiff Jimmie T. Jones filed his Complaint in the case Jimmie T. Jones v. City of Midway, Georgia; Kelli Morningstar, in her official capacity as Police Chief for the City of Midway; and Officer F. N. U. Ainsworth, in his individual and

1

official capacities, State Court of Liberty County, Georgia, Civil Action No. 2015SV71 (the "State Court Action").   Defendants timely filed this Notice of Removal to this Court on August 26, 2015.

2.      Plaintiff Jones states his Complaint in nine Counts.   Count I alleges wrongful arrest under O.C.G.A. § 51-7-1 and violation of rights secured under the Fourth Amendment of the United States Constitution asserted per 42 U.S.C. § 1983.   Count II alleges that Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: the right to be free from unreasonable searches and seizures, the right not to be deprived of liberty without due process of law, and the right to be free from excessive use of force by persons acting under color of state law, all asserted per 42 U.S.C. § 1983.   Count III alleges a claim for negligent hiring, retention, training and/or supervision. Count IV alleges a failure of Defendants City and Morningstar to train and supervise adequately such that it amounts to deliberate indifference to the rights of the Plaintiff under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States, asserted per 42 U.S.C. § 1983.   Count V alleges battery.   Count VI alleges emotional distress.   Count VII alleges respondeat superior.   Count VIII alleges punitive damages.   Count XI seeks attorney's fees per O.C.G.A. § 13-6-11 and 42 U.S.C. § 1988.   Defendants deny all of the claims.

3.      Coipes of the Summons, Complaint, and Sheriff's Entry of Service, attached hereto as Exhibit "A", are the only documents from the State Court Action obtained by Defendants.

4.      This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil

action over which this Court has original jurisdiction founded on a claim allegedly arising under the laws of the United States.

     5.     The State Court Action was filed in Liberty County.   Generally, venue of an action removed from a State Court in Liberty County is in the Savannah Division of the United States District Court for the Southern District of Georgia.   28 U.S.C. § 1441(e).

     6.     This Notice of Removal is filed within thirty (30) days of the date of Defendants' receipt of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

     7.     A copy of the intended written notice required by 28 U.S.C. § 1446(d), addressed to Plaintiff is attached hereto as Exhibit "B" and will be filed in the State Court Action and served on Plaintiff upon the filing of this Notice of Removal.

     8.     All Defendants join in the removal.   The required filing fee will be paid on-line.

This _26th_ day of August, 2015.

OLIVER MANER LLP

_/s/ Patrick T. O'Connor_
PATRICK T. O'CONNOR
Georgia Bar No. 548425

_/s/ Zachary S. Howard_
ZACHARY S. HOWARD
Georgia Bar No. 523110

218 W. State Street
P. O. Box 10186
Savannah, Georgia   31412
(912) 236-3311
pto@olivermaner.com
zhoward@olivermaner.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JIMMIE T. JONES, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MIDWAY, GEORGIA; KELLI | ) | |
| MORNINGSTAR, in her official capacity | ) | |
| as Police Chief for the City of Midway; | ) | |
| and OFFICER F. N. U. AINSWORTH, | ) | |
| in his individual and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in

accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was

generated as a result of electronic filing.

This _26th_ day of August, 2015.

OLIVER MANER LLP


/s/ Patrick T. O'Connor
PATRICK T. O'CONNOR
Georgia State Bar No. 548425

Attorneys for Defendants

218 W. State Street
P. O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
pto@olivermaner.com
zhoward@olivermaner.com

EXHIBIT "A"

From:CITY OF MIDWAY          912 884 5107          07/28/2015 17:24     #190 P.003/012

SUMMONS                    SC-1                    CLYBURN & SONS - TIFTON, GA

IN THE SUPERIOR/STATE COURT OF _Liberty_ _____ COUNTY
STATE OF GEORGIA

_Jimmie T. Jones_

CIVIL ACTION
NUMBER   _2015 SV 71_

PLAINTIFF

VS.

_City of Midway, Georgia; Kelli_
_Morningstar; and Officer_
_F.N.U. Ainsworth_

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: _City of Midway, Georgia_

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name
and address is: _Karl C. Zipperer_
               _P.O. Box 9147_
               _Savannah, GA 31412_

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _24_ day of _July_ , 19 _2015_

Clerk of Superior/State Court

BY _Joann Downs_

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JIMMIE T. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. *2015 SV71* |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF MIDWAY, GEORGIA; KELLI | ) | |
| MORNINGSTAR, in her official capacity | ) | |
| as Police Chief for the City of Midway; and | ) | |
| OFFICER F.N.U. AINSWORTH, in his | ) | |
| individual and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Jimmie T. Jones, Plaintiff in the above-styled action, and files this his

Complaint for damages against the above-named Defendants, showing the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Jimmie T. Jones is a citizen and resident of Liberty County, Georgia.

2.    The incidents which form the basis of the Plaintiffs' Complaint occurred within the

confines of Liberty County, Georgia.

3.    The City of Midway, Georgia is a body corporate, capable of suing or being sued, and

may be served with process pursuant to O.C.G.A. § 9-11-4 (e) (5) at 9397 E Oglethorpe

Highway, Midway, Georgia 31320.

4.    Plaintiffs have provided this Defendant with ante litem notice of the claims asserted

herein pursuant to O.C.G.A. § 36-33-5. (See Exhibit "A", attached hereto).

5.    Defendant Kelli Morningstar has been the Police Chief of the City of Midway, Georgia,

at all times relevant, and upon information and belief is a citizen of Liberty County,

Georgia, and may be served with process at 10490 E. Oglethope Highway, Midway,

Georgia 31320.

6. Defendant Officer Ainsworth (first name unknown) is an officer with City of Midway

Police Department, and upon information and belief is a citizen of Liberty County,

Georgia, and may be served with process at 10490 E. Oglethope Highway, Midway,

Georgia 31320.

7. Jurisdiction and venue are proper in this honorable Court.

## II. FACTUAL ALLEGATIONS

8. On or about July 27, 2013, Plaintiff Jimmie T. Jones was operating his motor vehicle in a

safe, prudent and lawful manner within the area of the City of Midway, Liberty County,

Georgia.

9. While traveling on Martin Road near its intersection with J and K Drive at approximately

11:22 a.m., Mr. Jones was directed to pull his vehicle over by Officer Ainsworth of the

Midway Police Department. Mr. Jones promptly and without delay complied by pulling

his vehicle to the side of the road.

10. After stopping on the roadside as directed, Mr. Jones was ordered by Officer Ainsworth

to step out of his vehicle. Mr. Jones again immediately complied with the officer's

instructions.

11. When Mr. Jones exited his vehicle, Officer Ainsworth began to aggressively question him

regarding his driving and his destination. At this time, Mr. Jones had committed no

crime within the presence of Officer Ainsworth, and Officer Ainsworth had no reasonable

basis whatsoever to detain Mr. Jones for any amount of time.

-2-

12.   At the time of this encounter, Mr. Jones was 77 years old.  Moreover, Mr. Jones' right
      arm was in a cast at the time of this encounter due to a prior injury.

13.   Despite the fact that his interrogation produced no evidence of any illegal activity, Officer
      Ainsworth forcibly shoved Mr. Jones against his vehicle, pulled his left arm far behind
      his back, and placed him in handcuffs.  Mr. Jones was then forced into the rear seat of the
      patrol car, where he was left to wait while the officer remained outside.

14.   As this incident took place around mid-day in the heat of summer, Mr. Jones asked
      Officer Ainsworth to turn on the air conditioning in the patrol car, or at least open the
      windows, while he was forced to wait in the back seat.  Officer Ainsworth never turned
      on the air conditioning or opened the windows, and Mr. Jones was left to wait for over an
      hour in the dangerously hot car before finally being transported to the Liberty County Jail
      for booking.

15.   Due in part to his inability to use his right arm for support, Mr. Jones suffered a serious
      injury to his left shoulder when Officer Ainsworth shoved him against the patrol car and
      forced him into the back seat in handcuffs, where he was left to wait with no support or
      other assistance for over an hour.

16.   Following this incident, Mr. Jones was issued a citation for exceeding the speed limit and
      obstruction of an officer.  The obstruction charge was later dismissed in the Liberty
      County State Court.

17.   In light of his age and pre-existing disability, along with the complete lack of any
      probable cause to suspect Mr. Jones of any criminal activity, Officer Ainsworth's actions
      in shoving Mr. Jones against his patrol car and placing him in handcuffs before forcing

him into the rear seat and leaving him to wait for over an hour without air conditioning were completely unreasonable and without justification.

18. Mr. Jones has suffered bodily injuries, economic losses, and other damages as a result of the acts described herein.

## III. CAUSES OF ACTION

### Count I - Wrongful Arrest

19. On July 27, 2013, Defendants, acting in their personal and official capacities, arrested Plaintiff under process of law, without probable cause, and with malice.

20. Defendant City of Midway, Georgia is responsible for providing law enforcement services within its confines.

21. Defendants, while acting under color of State law, employed customs, policies, and/or procedures which resulted in the wrongful arrest of Plaintiff.

22. It would have been clear to a reasonable officer confronted with a situation similar to that described herein that it was unlawful to arrest Plaintiff.

23. The decision to arrest Plaintiff without probable cause deprived Plaintiff of his rights secured under the Fourth Amendment of the United States Constitution.

24. At the time of his arrest, it was, or should have been, patently obvious that Plaintiff had committed no crime.

25. As a result of the Defendants' actions, Plaintiff has suffered harm giving rise to a claim under 42 U.S.C. § 1983, O.C.G.A. § 51-7-1, and other applicable state law.

### Count II - Use of Excessive Force in Violation of 42 U.S.C. § 1983

26. In committing the acts complained of herein, Defendants acted under color of state law to

deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and

Fourteenth Amendments to the Constitution of the United States including, but not

limited to: the right to be free from unreasonable searches and seizures; the right not to be

deprived of liberty without due process of law; and the right to be free from excessive use

of force by persons acting under color of state law.

27.     As a direct and proximate result of the use of excessive force in violation of Plaintiff's

rights by the Defendants, Plaintiff has suffered general and special damages and is

entitled to relief under 42 U.S.C. § 1983.

### Count III - Negligent Hiring, Retention, Training and/or Supervision

28.     Defendant City of Midway, Georgia is responsible for providing law enforcement

services within its confines, and owes a duty to exercise reasonable care in the hiring,

retention, training and supervision of law enforcement officers for the City of Midway

Police Department.

29.     Defendant City of Midway, Georgia knew or, in the exercise of reasonable care, should

have known that Officer Ainsworth had a propensity to use excessive force in law

enforcement situations, was not properly trained to perform law enforcement activities,

and was not properly supervised in performing his job duties on the date in question.

30.     Defendant nonetheless continued to employ this officer and provide him with

opportunities to use excessive force during law enforcement situations.

31.     As a proximate result of the Defendant's negligent hiring, retention, training, and

supervision of this officer, the Plaintiff has suffered harm.

### Count IV - Failure to Implement Appropriate Policies, Customs, and Practices in Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

32. Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, implicitly or explicitly adopted and implemented careless and reckless policies, customs, and/or practices that included, *inter alia*, allowing employees of the City of Midway Police Department to confront members of the public without any reasonable training as to the use of force and in such a way as to cause harm to citizens without lawful justification.

33. Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, implicitly or explicitly adopted and implemented careless and reckless policies, customs, and/or practices that included, *inter alia*, allowing employees of the City of Midway Police Department to confront suspect by use of excessive force without justification.

34. The failure of Defendants City of Midway, Georgia, and Kelli Morningstar, in her capacity as the Police Chief for the City of Midway, to adequately train and supervise Defendant Officer Ainsworth amounts to deliberate indifference to the rights of the Plaintiff under the Fourth, Fifth, and/or Fourteenth Amendments to the Constitution of the United States.

35. As a result of this deliberate indifference to the Plaintiff's rights, Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. § 1983.

### Count V - Battery

36. During the course of the incident complained of herein, Officer Ainsworth knowingly,

-6-

wantonly, intentionally, and with gross disregard for the rights of Plaintiff initiated

forceful physical contact with Mr. Jones by shoving him against the patrol car, placing

him in handcuffs. and forcing him into the back seat.

37.     The actions of the officer complained of herein were completely unreasonable and

without justification.

38.     The Plaintiff has suffered physical and mental injuries as a direct and proximate result of

the actions of the Defendants and their agents.

### Count VI - Emotional Distress

39.     The conduct of the Defendants, acting in their personal and official capacities, as

described herein was intentional or reckless; their conduct was extreme and outrageous

and was not justified by any exigent circumstance.

40.     As a result of being forcibly shoved against the patrol car, placed in handcuffs, and forced

into the back of the patrol car in unreasonably hot conditions for over an hour, the

Plaintiff has suffered physical injuries and emotional distress, and Plaintiff's emotional

distress is severe.

41.     The Defendant's conduct as described herein was the proximate cause of the Plaintiff's

emotional distress, for which Defendants are liable.

### Count VII - Respondeat Superior

42.     As a proximate result of the negligent and/or intentional acts of the Defendants involved

in the incident complained of herein, Plaintiff has suffered harm.

43.     Defendant City of Midway, Georgia is responsible for such negligent or intentional acts

of their employees and subordinates committed within the course and scope of their

employment.

### *Count VIII - Punitive Damages*

44.     As described herein, the conduct of the Defendants and their agents showed willful

misconduct, malice, fraud, wantonness, oppression, or that entire want of care which

would raise the presumption of conscious indifference to consequences.

45.     Plaintiff is therefore entitled to punitive damages in order to punish, penalize, and deter

the conduct of the Defendants.

### *Count IX - Attorney's Fees*

46.     Defendants have acted in bad faith, have been stubbornly litigious, or have caused the

Plaintiff unnecessary trouble and expense.

47.     Plaintiff is therefore entitled to recover attorney's fees pursuant to O.C.G.A. § 13-6-11.

48.     Moreover, Defendants were acting under color of state law at the time they caused injury

and harm to Plaintiff as set forth herein.

49.     Plaintiff is therefore entitled to a reasonable allowance for attorney's fees as part of his

costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff prays:

a.      That summons and process issue and be served upon Defendants;

b.      For a trial by jury;

c.      That Plaintiff be awarded an appropriate sum to compensate him for the damages

and harm caused to him;

d.      That Plaintiff recover attorney's fees from the Defendants;

e.      That Plaintiff be awarded punitive damages in an amount sufficient to punish and

-8-

deter Defendant; and

f.    For such other sand further relief as the Court deems just and proper.

This 24ᵗʰ day of July, 2015.

                              ZIPPERER, LORBERBAUM & BEAUVAIS
                              Attorneys for the Plaintiff

                              KARL C. ZIPPERER
                              Georgia Bar No. 940487

Post Office Box 9147
Savannah, Georgia 31412
(912) 232-3770

-9-

From:CITY OF MIDWAY          912 884 5107          07/28/2015 17:24     #190 P.002/012

| | |
|---|---|
| Civil Action No. _2015 SV 71_ | Superior Court _____    Magistrate Court _____ |
| Date Filed _7/24/15_ | State Court _X_    Probate Court _____ <br> Juvenile Court _____ |
| | Georgia, _Liberty_ _____COUNTY |

Attorney's Address
Karl C. Zipperer
P.O. Box 9147
Savannah, GA 31412

_Jimmie T Jones_
                            Plaintiff
                Vs.

_City of Midway, Kelli_
_Morningstar, F.N.V. Ainsworth_
                            Defendant

Name and Address of Party to Be Served ✱

_City of Midway, Georgia_
_9397 E. Oglethorpe Hwy_
_Midway, GA 31320_

                            Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____ I have this day served the defendant _____ personally with a copy of the within action and summons .

☑ I have this day served the defendant _Cali Munuga Redd Cerk_ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _X Lynette G. Cook-Osborne_ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

_____ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

_____ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ day of _____, _____.

                    _944 Thomas 1: 25_
                                    DEPUTY

SHERIFF DOCKET _____ PAGE _____

SC-2 Rev. 85

✱ To be served upon mayor, City manager, or agent authorized by appointment to
receive service of process pursuant to O.C.G.A. § 9-11-4 (e) (5).

EXHIBIT "B"

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

JIMMIE T. JONES,                          )
                                          )      Civil Action No. STSV2015000071
      Plaintiff,                   )
                                          )
v.                                        )
                                          )
CITY OF MIDWAY, GEORGIA; KELLI            )
MORNINGSTAR, in her official capacity     )
as Police Chief for the City of Midway;   )
and OFFICER F. N. U. AINSWORTH,           )
in his individual and official capacities.)
                                          )
      Defendants.                  )

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

TO:    Clerk, State Court of Chatham County

        Plaintiff Jimmie T. Jones c/o
        Karl C. Zipperer, Esq.
        P. O. Box 9147
        Savannah, Georgia 31412

        Please take notice that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants City of

Midway, Georgia ("the City"), Kelli Morningstar, in her official capacity as Police Chief of the

City of Midway ("Chief Morningstar"), and Officer Matthew Ainsworth, identified in Plaintiff's

Complaint as "Officer F. N. U. Ainsworth," in his individual and official capacities ("Ofc.

Ainsworth"), filed on August 26, 2015 in the United States District Court for the Southern

District of Georgia, Savannah Division, a Notice of Removal, a copy of which is attached hereto.

Pursuant to 28 U.S.C. § 1446(d), the above-styled action is now removed and the State Court of

Liberty County, Georgia is divested of jurisdiction over further proceedings.

1

This *26th* day of August, 2015.

OLIVER MANER LLP

PATRICK T. O'CONNOR
Georgia Bar No. 548425
ZACHARY S. HOWARD
Georgia Bar No. 523110

218 W. State Street
P. O. Box 10186
Savannah, Georgia  31412
(912) 236-3311
pto@olivermaner.com
zhoward@olivermaner.com

2

IN THE STATE COURT OF LIBERTY COUNTY
STATE OF GEORGIA

JIMMIE T. JONES,                           )
                                           )      Civil Action No. STSV2015000071
         Plaintiff,                        )
                                           )
v.                                         )
                                           )
CITY OF MIDWAY, GEORGIA; KELLI             )
MORNINGSTAR, in her official capacity      )
as Police Chief for the City of Midway;    )
and OFFICER F. N. U. AINSWORTH,            )
in his individual and official capacities. )
                                           )
         Defendants.                       )

### CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing by placing same in

the U. S. Mail with adequate postage affixed thereto addressed to Karl C. Zipperer, Esq., P. O.

Box 9147, Savannah, Georgia 31412.

This _26th_ day of August, 2015.

OLIVER MANER LLP

PATRICK T. O'CONNOR
Georgia State Bar No. 548425

Attorneys for Defendants

218 W. State Street
P. O. Box 10186
Savannah, Georgia 31412
(912) 236-3311
pto@olivermaner.com
zhoward@olivermaner.com